STATE OF NEW JERSEY, DEFENDANT IN ERROR, v. ALBERT STANFORD, PLAINTIFF IN ERROR.

Argued March 6, 1917—Decided March 6, 1917.

On appeal from the Supreme Court.

For the plaintiff in error, *Garrison & Voorhees* and *Isaac H. Nutter.*

For the defendant in error, *Charles S. Moore.*

PER CURIAM.

Albert Stanford and Albert Jackson were convicted at the January term, 1916, of the Atlantic County Court of Quarter Sessions, each under two separate indictments for the common law crime of keeping disorderly houses at two separate places in Atlantic City. The four indictments were tried together, verdicts of guilty found, and from separate judgments in each case writs of error were taken to the Supreme Court. The

cases were there argued together and the convictions affirmed by that court. From the judgments of affirmance entered in the Supreme Court Albert Stanford took two writs of error which are now before this court. The testimony and assignments being identical, the cases were presented and argued together by consent of counsel.

The opinion in the four cases in the Supreme Court was rendered in one of the Jackson cases, and is as follows:

"*Per curiam:* The defendant was indicted for, and convicted of, the crime of keeping a disorderly house, the gravamen of the charge being the assisting in carrying on a gambling establishment at Chalfonte avenue, in the city of Atlantic City. A similar indictment was found against one Albert Stanford, and a conviction was had in his case also. The cases were tried together in the Quarter Sessions and were argued together before this court.

"Numerous errors were assigned by each defendant, but all of them were abandoned on the argument except three. These three are each of them directed at an alleged error of the trial court in permitting the official stenographer to read the entire testimony given by Stanford, and also that given by Jackson. on a trial theretofore had on an indictment presented against one Andrew Terry, who was the proprietor of the gambling establishment at which the present defendants acted as assistants. The pith of the contention is that the prior testimony given by each of them, and permitted to be read to the jury. was evidential only against himself, and not against his co-defendant, and that its admission was improper for this reason. It is conceded that Jackson's previous testimony, if voluntarily given, was properly admitted as evidential against himself, and that Stanford's also was admissible against himself. It follows, therefore, that an application to exclude this evidence *in toto* was properly refused. The protection which each defendant was entitled to have against the previous testimony of his co-defendant, was an instruction that it should not be considered by the jury in passing upon his guilt or innocence. *Perry* v. *Levy*, 87 *N. J. L.* 670. But as no re-

State v. Stanford.    *90 N. J. L.*

quest for such an instruction was proffered, and, as the testimony was admissible to the extent indicated, the defendants cannot now complain of the failure of the trial court to thus limit the effect of the evidence. Moreover, the objection to the admission of this testimony was not based upon its lack of evidential value, but upon the sole ground that it could not be introduced until it was first shown that the admissions contained in it were voluntary, and that the party making them was cautioned that what he said might be used against him on some other occasion; and further, that the state had no right to make a defendant testify against himself. These grounds of objection were, under the circumstances, entirely without merit and have not been urged before us. It is proper to say, however, that the previous testimony of these defendants on the trial of the Terry indictment had been elicited, not by the state, but by Terry's counsel; and, under these conditions, there was, of course, no obligation on the part of the prosecutor of the pleas to warn the witnesses that what they might say could be used against them if it indicated criminality on their part. The suggestion that the state, by submitting the previous admissions of the defendants, was compelling them to testify against themselves, is, of course, entirely without substance.

"The judgment under review will be affirmed."

The other judgments were affirmed, for the reasons given in the above opinion, a memorandum to that effect being filed.

PER CURIAM.

The two judgments under review on the writs of error sued out by Stanford in this court are affirmed, for the reasons given in the above opinion of the Supreme Court.

*For affirmance*—THE CHANCELLOR, GARRISON, SWAYZE, PARKER, BERGEN, MINTURN, KALISCH, WHITE, HEPPENHEIMER, WILLIAMS, TAYLOR, GARDNER, JJ. 12.

*For reversal*—None.